Southard J.
This action is stated by the justice: “James Douglass, who sues for the use of John Akins v. jffoah Norris.” The state of demand is in the following Words I
“jyew_ York. September 12th, 1817.
“ Mr. Norris, Dr., to James Douglass, the sum of
“ 60 feet of white marble, at 7s per ft. $52 50
“ 1 hearth and 2 pieces 4 50
$57 00
“ I acknowledge this to be a just account. Noah Norris.” *943 On the back of the account is endorsed ; “ Pay to John Akins, or order, the within sum. James Douglass.” There was verdict and judgment, for $58.66. The first objection taken to the judgment, is, that Douglass lived in NewYorlc, and never authorized A. Dod, esq., to prosecute said action, in his name, for the use of John Akins, or any other person. To this it was answered, before the justice, where the exception was first taken, and 'is now again answered here, that A. Dod, is a regularly licensed *attorney; that therefore, the presumption is in favour of his authority, to prosecute, in the way he does ; and the contrary must be shewn. The answer is sufficiqnt.
2. Douglass could not sue, to the use of Akins. There is no difficulty in this. The account was of a character not to be assigned, so that the suit could be brought in the name of the assignee. It must be brought in Douglass' name ; but it was proper, on the record, to shew, who had the real interest.
3. Because the account, before stated, was admitted in evidence.
That account was the state of demand ; and it can be considered in no other light than as an account. It is not a note or due-bill; a copy of it, was all that was necessary to be filed. It was, besides, prima jade evidence, to prove the debt. If it had appeared in any ■way, that it was a copy of a book account, the book ought to have been shewn ; but this not being so, it seems to me, to be all right.
Judgment afiirmed.